IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY M. RADANT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELECTION SYSTEMS & SOFTWARE, INC., )<br>)<br>Defendant. ) | Civil Action No.: 08 C 7102<br><br>Suzanne B. Conlon, Judge |

## **MEMORANDUM OPINION AND ORDER**

Kathy M. Radant sues her former employer Election Systems & Software, Inc. ("Election Systems") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Count I), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Count II). Radant claims Election Systems fired her because she is an alcoholic and a woman. Radant moves for summary judgment. For the reasons set forth below, the motion is granted.

### BACKGROUND

The following facts are derived from the parties' Local Rule 56.1 statements and exhibits. Election Systems provides technology and services for the elections industry. Radant began working for Election Systems in 1998; she was a senior software engineer. Def. Facts ¶¶ 2-3. Radant's supervisors were development director Jack Adams, and software development vice-president Gary Weber. *Id.* ¶ 3.

On July 21, 2005, Radant received an unfavorable performance evaluation (60%) for the time period June 1, 2004 to May 31, 2005. Consequently, she received no raise. *Id.* ¶ 9. She was graded a "1" or improvement needed in the categories team player, business contributions,

and results orientation. *Id.* ¶ 6; Pl. Ex. 10: Performance Evaluation. Issues included Radant's inability to effectively communicate with the team leader, and project delays from necessary revisions to her work. Def. Facts ¶ 7. Adams and Weber believed Radant's diminished performance coincided with her inability to adapt to Election Systems' revised software and programming language. *Id.* ¶ 4. Radant responded to the performance evaluation, denied the deficiencies, and attributed required revisions to post-approval project design changes. *Id.* ¶ 11; Pl. Ex. 2: Performance Evaluation Response. Weber and Adams evaluated the response, and determined the unfavorable review remained warranted. Defs. Facts ¶ 12.

Weber attests he attempted to assist Radant in improving her performance, but she never developed her programming skills. Def. Ex. 1: Weber Aff. ¶¶ 15-16. Radant disputes this; she attests she was not provided the requisite information to complete projects. Pl. Ex. 6: Radant Dep. Tr. at 135-36; Pl. Ex. 8: Radant Aff. ¶¶ 12-13. On February 20, 2006, Radant tendered her immediate resignation to Adams, but later rescinded the resignation. Radant Dep. Tr. at 55; Def. Facts ¶ 15; Def. Exs. 2(E) and (F): Radant/Adams E-Mail Correspondence.

During this time frame, Election Systems' president directed that all staff perform at expected productivity levels. Weber Aff. ¶ 17. According to Weber, based on this directive, Radant's failure to improve her performance, and her resignation and rescission, he decided to terminate Radant. *Id.* ¶¶ 16-19. In late February or early March 2006, Weber advised human resources director Beverly Cavanaugh of his decision to fire Radant, and that her last day would be March 10, 2006 – the day Weber was scheduled to return from vacation. *Id.* ¶ 20; Def. Ex. 3: Cavanaugh Aff. ¶ 5. Weber did not know at the time that Radant was an alcoholic. Def. Ex. 8: Weber Dep. Tr. at 64, 88. On March 1, 2006, Cavanaugh initiated the process of collecting

2

human resources information in preparation for Radant's last day. Cavanaugh Aff. ¶ 7 and Ex. A: March 1, 2006 Cavanaugh E-Mails.

On March 6, 2006, Radant left work in the middle of the day. She informed Adams through voicemails that she needed extended leave to treat her alcoholism. Def. Ex. 2: Adams Aff. ¶ 20. Radant had not previously disclosed she was an alcoholic to anyone at Election Systems. Def. Ex. 4: Radant Dep. Tr. at 31, 59. Later on March 6, 2006, while still on vacation, Weber e-mailed Cavanaugh, Adams, and his supervisor Ken Carbullido to advise them of his decision to terminate Radant. Def. Facts ¶ 22; Def. Ex. 1(B): Weber E-Mail Correspondence. The next day, March 7, 2006, Adams responded that Radant requested leave to enter a treatment program, but that she did not want to disclose the reason to Weber. Def. Facts ¶ 23; Def. Ex. 1(B): Adams E-Mail Correspondence.

Radant obtained treatment from March 6 to March 9, 2006 and was diagnosed with alcohol dependence and a depressive disorder. Radant Dep. Tr. at 65, 68; Def. Ex. 6 at 000175, 000179: Treatment Records. She reported problems at work and fear of losing her job; she denied that her alcohol use affected her job. *Id.* Radant returned to Election Systems on March 10, 2006, and represented she could work without restriction. Def. Facts ¶¶ 25-26. That day, Weber and Adams met with Radant and terminated her employment. *Id.* ¶ 26. She was advised she was terminated for performance issues. Def. Facts ¶¶ 27-28 and Ex. 1(C): Termination Letter.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is warranted only if the pleadings, discovery, and disclosure materials on file, and any affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633 (7th Cir. 2009). Election Systems has the initial burden of demonstrating it is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). If Election Systems meets its burden, Radant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Kramer*, 384 F.3d at 861. The court construes all facts and draws all reasonable inferences in the light most favorable to Radant. *Cracco*, 559 F.3d at 633. A genuine issue of material fact exists if the evidence is sufficient to support a reasonable jury verdict in Radant's favor. *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001).

### II. Disability Discrimination (Count I)

The ADA prohibits an employer from discriminating against a qualified individual with a disability because of her disability. 42 U.S.C. § 12112(a); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 601 (7th Cir. 2009). Radant may prove ADA discrimination either directly or indirectly. *Pugh*, 259 F.3d at 625. She presents no direct evidence of disability discrimination. Under the indirect burden-shifting method of proof, Radant must establish a *prima facie* case of discrimination by showing she is a qualified individual with a disability, was meeting Election Systems' legitimate expectations, and suffered an adverse employment action because of her disability. *Timmons v. Gen. Motors Corp.*, 469 F.3d 1122, 1126-28 (7th Cir. 2006); *Pugh*, 259

4

F.3d at 626. If Radant demonstrates a *prima facie* case, the burden shifts to Election Systems to articulate a legitimate, nondiscriminatory reason for firing her. *Timmons*, 469 F.3d at 1128. If Election Systems meets this burden, Radant must prove the reason given is merely a pretext for unlawful disability discrimination. *Id.*

Election Systems argues Radant is not disabled under the ADA because she does not establish her alcoholism substantially limits a major life activity. An individual is disabled if she has a physical or mental impairment that substantially limits one or more major life activities or is regarded as having such an impairment. 42 U.S.C. § 12102(1); *Pugh*, 259 F.3d at 626. "Substantially limits" means an individual is unable to perform a major life activity that the average person in the general population can perform or is significantly restricted as to the condition, manner, or duration under which the average person can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1)(i)-(ii); *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 937 (7th Cir. 2007). Radant's alcoholism impacts her sleep, exacerbates an eating problem and her depression, makes her less energetic and motivated, and more withdrawn. Radant Dep. Tr. at 22-23, 28-30; Pl. Ex. 4: Tom Radant (Radant's husband) Dep. Tr. at 8-10. Eating and sleeping are major life activities. 42 U.S.C. § 12102(2)(A). But Radant presents no evidence these activities are substantially limited. She does not delineate the extent to which her sleep and diet are restricted, or the impact on her depression and energy level. She admits her alcoholism did not impact her job performance. Radant Dep. Tr. at 31. Viewing the evidence in Radant's favor and drawing all reasonable inferences in her favor, she fails to present a genuine issue of material fact that her alcoholism substantially limits a major life activity.

Radant contends Weber and Adams perceived her as disabled. Radant refers generally to Weber and Adam's deposition transcripts, but provides no record citations to supporting testimony. Weber and Adams both testified they did not know Radant was an alcoholic. Def. Ex. 8: Weber Dep. Tr. at 64, 88; Pl. Ex. 1: Adams Dep. Tr. at 76. Their March 7, 2006 e-mail correspondence reflects they understood Radant was seeking treatment for alcoholism because she disclosed this to Adams the previous day. Radant admits she never told anyone at Election Systems she was an alcoholic until she requested leave on March 6, 2006. Radant Dep. Tr. at 31. She does not dispute Weber decided to terminate her in late February or early March 2006 – prior to her March 6, 2006 leave request. E-mail correspondence confirms the human resources department initiated preparations for her termination on March 1, 2006. Cavanaugh Aff. ¶ 7 and March 1, 2006 Cavanaugh E-Mails. Radant presents no genuine issues of material fact that she was perceived as an alcoholic.

Election Systems argues Radant was terminated for inadequate performance, not because of a disability. Analysis of this element of the *prima facie* case overlaps with the pretext analysis. *Timmons*, 469 F.3d at 1129. Radant disputes her deficient performance, and contends Election Systems failed to provide remedial training or follow its progressive discipline policy. The decision to terminate Radant for performance issues is a business decision; it is inappropriate for the court to act as a "super-personnel department." *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 697 (7th Cir. 2006).

Radant argues the suspicious timing of her termination – within days after requesting leave for treatment – presents a genuine issue of material fact regarding the underlying basis for her termination. *Casna v. City of Loves Park*, 574 F.3d 420 (7th Cir. 2009). *Casna* involved the

ADA's anti-retaliation provision. The employer recommended Casna's termination the day after she complained about disability discrimination. Suspicious timing is rarely sufficient to create a triable issue; but termination "'on the heels'" of the complaint was an extreme case and created a genuine issue of material fact regarding the causal link between the protected activity and termination. *Id.* at 426-27 (citation omitted).

Radant's argument rests on the unsupported assumption that Weber made the termination decision *after* her March 6, 2006 leave request. Weber's March 6, 2006 e-mail advised of his decision to terminate Radant; Radant does not refute Weber made the decision and informed human resources a week before Radant's leave request. Weber Aff. ¶ 20 and Weber E-Mail Correspondence; Cavanaugh Aff. ¶¶ 5, 7 and March 1, 2006 Cavanaugh E-Mails. Weber did not know at that time Radant was an alcoholic. Weber Dep. Tr. at 64, 88. The ADA does not require an employer to deviate from a legitimate termination decision because it subsequently learns the employee is disabled. *Peyton v. Otis Elevator Co.*, 72 F. Supp. 2d 915, 921-22 (N.D. Ill. 1999) (Shadur, J.). Viewing the evidence in Radant's favor, and drawing all reasonable inferences in her favor, she presents no genuine issues of material fact that she was terminated because of alcoholism. She fails to establish a *prima facie* case of discrimination, or that the basis for her termination – inadequate work performance – is a pretext for disability discrimination. Election Systems is entitled to summary judgment on Count I for disability discrimination.

### III. Sex Discrimination (Count II)

Title VII prohibits an employer from discriminating against an individual with respect to terms, conditions, or privileges of employment because of sex. 42 U.S.C. § 2000e-2(a)(1);

7

*Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 591 (7th Cir. 2008). Radant may prove sex discrimination either directly or indirectly. *Petts v. Rockledge Furniture LLC*, 534 F.3d 715, 720 (7th Cir. 2008). She proceeds under the direct evidence method. She concedes no one at Election Systems admitted her termination was based on discriminatory animus – a typical form of direct evidence. *Phelan v. Cook County*, 463 F.3d 773, 779 (7th Cir. 2006). Rather, she contends circumstantial evidence supports an inference she was terminated because she is a woman.

Radant may satisfy her burden under the direct method by demonstrating that a "convincing mosaic" of circumstantial evidence exists from which a jury could infer intentional discrimination. *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994). Circumstantial evidence must point directly to a discriminatory reason for her termination. *Petts*, 534 F.3d at 720. Evidence that similarly situated employees outside the protected class received systematically better treatment may constitute circumstantial evidence of intentional discrimination. *Id.* at 721. Radant contends she establishes Election Systems' systematic better treatment of men because her male co-workers drank alcohol during business hours without repercussions. Pl. Facts ¶¶ 55-56, 58-61, 65. Election Systems disputes evidence of employee alcohol consumption. Def. Resp. ¶¶ 55, 60, 65. The dispute is immaterial because the evidence does not support Radant's claim that Election Systems treated men more favorably than it treated her. She does not contend she was terminated for drinking alcohol at work. Indeed, she never drank alcohol in the day except at the office Christmas party. Radant Dep. Tr. at 24. Her sex discrimination claim is that she was fired because she is a woman, and not for performance issues as Elections Systems contends.

Radant argues her colleague William Malone received a "low" performance evaluation in August 2003 and was not terminated. Pl. Facts ¶ 56. Radant presents no evidence Malone is similarly situated. The record demonstrates he remedied his inadequate performance. Def. Ex. 10: Malone Dep. Tr. at 18-19. Radant presents no genuine issues of material fact that Election Systems systematically treated men more favorably. She fails to present direct evidence of sex discrimination.

Radant does not argue she satisfies the indirect burden-shifting method of proving sex discrimination. The indirect method requires Radant to establish a *prima facie* case of sex discrimination by showing she is a member of a protected class; her job performance met Election Systems' legitimate expectations; she suffered an adverse employment action; and similarly situated male employees were treated more favorably. *Caskey*, 535 F.3d at 591-92. If she demonstrates a *prima facie* case, the burden shifts to Election Systems to articulate a legitimate, nondiscriminatory reason for firing her. *Petts*, 534 F.3d at 725. If Election Systems meets this burden, Radant must prove Election Systems' reason is pretextual. *Id.* She fails to demonstrate a genuine issue of material fact that similarly situated male employees were treated more favorably, or that her work performance was a pretextual basis for termination. Summary judgment is warranted for Election Systems on Count II for sex discrimination.

## CONCLUSION

Election Systems' summary judgment motion is granted. Election Systems is entitled to judgment on Count I for disability discrimination because Radant fails to establish a *prima facie* case of disability discrimination, or that inadequate work performance is a pretextual reason for

9

her termination. Judgment in favor of Elections Systems on Count II for sex discrimination is warranted because Radant fails to present direct evidence of discrimination.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 14, 2009